IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Criminal Action No.3:07CR70-3

RODNEY WHEELER,

    Defendant.

## REPORT AND RECOMMENDATION

On December 4, 2007, came the United States of America by Thomas Mucklow, Assistant United States Attorney, and the Defendant, RODNEY WHEELER, in person and by his counsel, Robert Stone for a hearing on pretrial motions.

## I. Background

Rodney Wheeler is one of three defendants in an eight (8) count indictment. Defendant Wheeler is charged with distribution of crack cocaine and possession with intent to distribute Cocaine HCL in violation of Title 21, United States Code Section 841(a)(1) and (b)(1)©.

## II. Motions

### A. [92] Motion to Suppress

**Contentions of the Parties**

Defendant contends that he was lawfully in possession of the vehicle and the traffic stop was made in violation of the Fourth Amendment. Therefore, any evidence found as a result of the traffic stop should be suppressed

The Government asserts that traffic stops are permitted when the officer has a reasonable and articulable suspicion of some unlawful action. *Whren v. United States,* 517 U.S. 806, 810 (1996). According to Sgt. Miller's testimony, the Task Force officers had reasonable suspicion

that at the time of the traffic stop, the vehicle had previously been reported stolen by the informant and the Defendant was then in the possession of, and was going to continue to possess, said stolen automobile.  Therefore, the officers had sufficient cause to conduct a stop of defendant in order to further the stolen vehicle investigation. The Government asserts that for the above stated reasons, Defendant's motion to suppress  should be denied.

**Decision**

After hearing the evidence presented by the Government's witness, the Court finds that the officer had a reasonable suspicion that the vehicle the Defendant was driving was stolen and therefore the traffic stop was valid and the subsequent searches were valid and proper.   It is hereby **RECOMMENDED** that Defendant's Motion to Suppress the items seized as a result of the search be **DENIED.**  The Defendants' objections to this ruling are duly noted.

**B. [93] Motion to Suppress Pretrial Identification**

**Contentions of the Parties**

Defendant Rodney Wheeler contends that the photo book used by the informant to identify the defendant was unduly suggestive and that said pretrial identification should be excluded.

The Government's witness testified that the informant was shown a book with over 250 pictures.  The Government contends that this photo array has numerous individuals, including men, women, Caucasians, African Americans and Hispanics.  The Government's witness testified that the typical procedure was used in showing the informant the photo array.  This procedure is detailed in the Government's response to this Motion.  The witness also confirmed that Defendant Wheeler is known as both "Black" and "Psycho".

**Decision**

After hearing the testimony of the Government's witness, the Court finds that the photo array was not unduly suggestive and that the process employed by the task force during the pretrial identification was not duly suggestive. The Government has offered Defense counsel the opportunity to view the photo album shown to the informant. Therefore, it is hereby **RECOMMENDED** that Defendant's Motion to Suppress the Pretrial Identification be **DENIED, with leave to file a Motion in limine with regard to this issue before the District Judge if after viewing the album the Defense counsel is still not satisfied.** The Defendant's objections to the ruling are duly noted.

**IT IS FURTHER ORDERED THAT:**

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: 12-10-07

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE