# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### MARTINSBURG

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                                  **CIVIL ACTION NO. 3:07-CR-70-3**
                                         **(BAILEY)**

**RODNEY WHEELER,**

        Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David Joel [Doc. 104]. By Paperless Order entered on November 16, 2007 [Doc. 96], this action was referred to Magistrate Judge Joel for an evidentiary hearing on the defendant's Motion to Suppress [Doc. 92] and Motion to Suppress Pretrial Identification [Doc. 93]. Magistrate Joel submitted a proposed report and a recommendation ("R & R") on December 10, 2007 [Doc. 104]. In that filing, the magistrate judge recommended that this Court deny both motions.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Objections to Magistrate Judge Joel's R & R were due within ten days of the filing of the R & R, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).  The Court notes that the defendant timely filed objections to the R&R on December 20, 2007 [Doc. 116].  Accordingly, this Court will conduct a *de novo* review of the report and recommendation.

Additionally, in the defendant's Objection to Magistrate's Report and Recommendation [Doc. 116], the defendant requests that this Court conduct a *de novo* evidentiary hearing and allow additional testimony to be heard.  This Court declines to hold an evidentiary hearing.

Pursuant to 28 U.S.C.A. § 636 (b)(1)(B), an article III judge "may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," of motions to suppress evidence in a criminal case.

The failure of the trial court to hold an evidentiary hearing before adopting a magistrate's recommendation, under 28 U.S.C.A. § 636 (b)(1)(B), that a defendant's motion to suppress evidence be denied, does not constitute a denial of the defendant's statutory or constitutional rights.  In ***United States v. Raddatz***, 447 U.S. 667 (1980), the Supreme Court held that a trial court was not required to hold a hearing before adopting, over a criminal defendant's objections, the recommendations of a United States magistrate to whom the defendant's motion to suppress evidence was referred under 28 U.S.C.A. § 636 (b)(1)(B).  In rejecting the defendant's contention that the District Court was required to rehear the testimony on which the magistrate based his findings and recommendation in

order to make an independent evaluation of credibility, the court noted that the statute called for a *de novo* determination, not a *de novo* hearing, and found nothing in the statute's legislative history that would require an additional hearing. The Court further held that permitting the District Court judge to make a *de novo* determination of contested credibility assessments without personally hearing the live testimony violated neither the Due Process Clause of the Fifth Amendment nor Article III of the United States Constitution.

On December 4, 2007, the parties appeared before Magistrate Judge David Joel upon a hearing on pretrial motions. Defendant Rodney Wheeler is charged with distribution of crack cocaine and possession with intent to distribute Cocaine HCL. He was arrested following a traffic stop, which yielded the discovery of the alleged offense.

The defendant contends that he was lawfully in possession of the vehicle owned by government informant Katina Butts, a/k/a CI Hype; that the stop was made in violation of the Fourth Amendment; and that any evidence seized as a result of the stop should be suppressed. Having reviewed the record in the case, the defendant's motions and responses thereto, as well as the magistrate judge's R & R and Objections thereto, this Court hereby agrees that the arresting officer had a reasonable suspicion that the vehicle the defendant was driving was stolen. Accordingly, the stop was valid, and all subsequent searches were proper.

Next, the defendant contends that the photo book used by the informant to identify the defendant was unduly suggestive and, therefore, should be excluded. This Court finds the photo book containing over 250 pictures was not unduly suggestive. The Court notes that the Government has offered defense counsel an opportunity to view the pictures.

Accordingly, defense counsel may seek leave to file a motion in limine after viewing the pictures, if so desired.

Therefore, upon careful review of the R & R, it is the opinion of this Court that the magistrate judge's **Report and Recommendation** [Doc. 104] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Therefore, the defendant's Objections are **OVERRULED**, and both the defendant's Motion to Suppress [Doc. 92] and Motion to Suppress Pretrial Identification [Doc. 93] are hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** December 28, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE