IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                Criminal No.   3:07CR70-003 (Bailey)

RODNEY TYREAL WHEELER,
        Defendant.

RESPONSE OF THE UNITED STATES TO
DEFENDANT'S MOTION FOR NEW TRIAL

      Now comes the United States of America, by Sharon L. Potter, United States Attorney for the Northern District of West Virginia, by Thomas O. Mucklow, Assistant United States Attorney for said District, and responds to defendant's motion for a new trial as follows:

      1.     Defendant here was convicted following a jury trial of conspiracy to possess with intent to distribute and to distribute in excess of 50 grams of cocaine base, also known as crack, two counts of the distribution of crack cocaine and one count of possession with the intent to distribute cocaine hydrochloride.

      2.     Pursuant to Rule 33 of the Federal Rules of Evidence, defendant raises four issues in his motion for a new trial:

      a).  The Court erred in allowing the introduction of Federal Rule of Evidence 404(b) evidence in the form of defendant's prior drug conviction;

      b).  The Court erred in including language submitted by the United States concerning conspiracies in the instructions to the jury;

      c).  The Court erred in allowing an in-court identification of defendant; and

      d).  The Court erred in admitting evidence seized as the result of a traffic stop and

defendant's subsequent flight on foot from the police.

    3.    Under Fed.R.Crim.P. 33, a district court has the discretion to grant a new trial "if the interests of justice so require."

    4.    A new trial is a drastic remedy intended for the rare case. Indeed, the Fourth Circuit has held "that a district court should exercise its discretion to grant a new trial 'sparingly' and that the district court should grant a new trial based on the weight of the evidence 'only when the evidence weighs heavily against the verdict.' " *United States v. Wilson,* 118 F.3d 228, 237 (4th Cir.1997) (quoting *United States v. Arrington,* 757 F.2d 1484, 1486 (4th Cir.1985)).

    5.    The district court should examine all the evidence introduced at trial and - unlike when ruling on a motion for acquittal - the court may evaluate for itself the credibility of witnesses. *Arrington,* 757 F.2d at 1485. But a court should not lightly substitute its judgment for that of the jury. Only "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment" should the court grant a motion for a new trial. *Id.*

    6.    None of the issues raised by defendant here has merit nor is any a sufficient basis for the relief sought.

## RULE 404(b) EVIDENCE

    1.    Defendant first complains that the Court denied his motion for a mistrial when the United States sought to introduce other crimes evidence through Fed.R. Evid. 404(b). Defendant claims that the sole purpose for introducing such evidence was not for any permissible purpose, but simply to show that defendant acted in conformity with his prior criminal conduct. Defendant boldly

concludes that "[n]o reasonable trier of fact could possibly conclude otherwise." Defendant's argument is not factually supported in the record and is legally unsound.

2. First of all, defendant entered a not guilty plea to the charges in the superseding indictment. A not guilty plea puts into issue every element of the crime for which the defendant was charged. Therefore, the United States was required to prove defendant's intent, i.e., that he willfully entered into a conspiracy to distribute crack. *United States v. Clark,* 928 F.2d 639, 641-42 (4th Cir. 1991); *United States v. Van Metre*, 150 F.3d 339, 350 (4th Cir.1998) (listing cases).

3. "'Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.'" "'Once an act is assumed to be done, the prior doing of other similar acts ... is useful as reducing the possibility that the act in question was done with innocent intent.'" (Citations omitted). *Id.*

4. Furthermore, "[f]or the repeated actions to have probative value .... 'the earlier actions must be similar in nature to the charged acts.'" (Citations omitted). *Id.*

5. Thus his plea placed into issue his identity, his knowledge, his criminal intent and the possibility of mistake or accident with regard to the allegations charged in the superseding indictment.

6. Early on in this case, defendant sought to specifically challenge evidence of his identity with regard to the conspiracy and the substantive crack cocaine distributions. See Docket Entries (DEs) 92, 93. Defendant specifically sought to exclude his in-court identification by the confidential informant (CI) in this case, who was the primary witness to his identity as the source of the crack cocaine on the two charged transactions.

7. Furthermore, both before and during trial, defendant indicated that the CI's description of defendant as being 5' 3" tall and having two different "street names," i.e. "Psycho" and "Black," called his identity into question.

8. Also, defendant was charged with one charge of possessing with the intent to distribute over 50 grams of cocaine hydrochloride. The United States was thus required to prove not only defendant's knowing possession of the drug, but also his intent, e.g. as compared to personal use. Such elements can usually only be proved through circumstantial evidence.

9. The evidence introduced here was defendant's 2004 (temporally close to the dates in the indictment) conviction of possession with the intent to distribute crack cocaine (a crime similar in nature to the instant offenses) in Hagerstown, Maryland (a city just about 25 miles north of Martinsburg).

10. Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed.R.Evid. 404(b).[1] Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *See United States v. Queen,* 132 F.3d 991, 994 (4th Cir. 1997).

---

[1] Rule 404(b ) provides that:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

11.     Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. *Queen,* 132 F.3d at 994-95; *United States v. Rawle,* 845 F.2d 1244, 1247 (4th Cir. 1988).

12.     Evidence of prior acts is admissible under Rules 404(b) and 403 if the evidence is: (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial effect. *Queen,* 132 F.3d at 997.   The evidence here met this test.

13.     Furthermore, limiting jury instructions explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce prior act evidence provide additional protection to defendants. *Id.*   The jury is presumed to follow the instructions given to it by the court "unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions .... and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." *Greer v. Miller*, 438 U.S. 756, 766 n. 8 (1987) (citations omitted); *United States v. Jones*, 907 F.2d 456, 460 (4th Cir. 1990).   Here, such an instruction advising the jury of the limits placed on the use of the Rule 404(b) evidence was given.

14.     Defendant's objection to the introduction of Rule 404(b) evidence is without merit and must be overruled.

CONSPIRACY INSTRUCTION

1.     Following an informal review of the Court's proposed jury instructions by the parties following the close of evidence, the United States offered via email a two sentence addition to the conspiracy instruction proposed by the Court.

    2.      The language offered was as follows:

Furthermore, it is not necessary that the United States prove that a particular defendant was a member of the conspiracy from the beginning. Different persons may become members of the conspiracy at different times.

    3.      Defendant objected via email, saying

It might be appropriate IF the Gov't had chosen to IDENTIFY and argue co conspirators - they did not. As it stands assume the Feds have about 300 million unidentified co conspirators to chose from "known or unknown" ONLY to the grand jury - not this petit jury by any burden of proof.

    4.      The next morning, defendant placed this same objection on the record. Essentially, defendant made a general objection to the entire conspiracy instruction vaguely indicating, as he does now, that the instruction did not require the jury to unanimously identify any alleged co-conspirator beyond a reasonable doubt. Defendant claims that this is a constitutional error, but fails to offer any authority to support his claim. Given the lack of specificity in defendant's motion, it is difficult for the United States to adequately respond.

    5.      The United States submitted its proposed jury instructions on January 2, 2008 (DE 120) and supplemented them on January 8, 2008 (DE 128) and March 3, 2008 (DE 168). Defendant filed no objections to these instructions prior to trial.

    6.      Significantly, while the docket here reflects that defendant submitted proposed jury instructions as to the original indictment on January 4, 2008 (DE 123) which did not contain a conspiracy charge, he filed no additional proposed instructions after the return of the superseding indictment which included a conspiracy. Furthermore, defendant filed no pretrial motion challenging the sufficiency of the indictment.

    7.      The indictment in this case was sufficient.

> The indictment tracked the statutory language defining the offense and apprised [defendant] that other unnamed coconspirators, whose identities were known and unknown to the grand jury, were involved.

*United States v. Dunnigan*, 944 F.2d 178, 181 (4th Cir. 1991), *reversed on other grounds, United States v. Dunnigan*, 507 U.S. 87 (1993).

8.  The fact that the indictment did not name unindicted conspirators is consistent with Department of Justice policy. It has been held that including the names of unindicted co-conspirators in indictments would clearly would invade the privacy rights of those individuals. Such inclusion would constitute an informal accusation of wrongdoing by the United States to which the unindicted co-conspirators would have no meaningful opportunity to respond. Unlike the defendant in this case who was formally charged and had the opportunity formally to respond to the charges against him and have his guilt or innocence with respect to the charges formally determined by a jury, the unindicted co-conspirators have had no such opportunity. *See United States v. Briggs,* 514 F.2d 794 (5th Cir.1975), *cert. denied, sub. nom Miami Herald Publishing Company v. Krentzman,* 435 U.S. 968 (1978). *See, also, United States v. Hubbard,* 650 F.2d 293 (D.C. Cir.1980); *Krause v. Rhodes,* 671 F.2d 212 (6th Cir.1982).

9.  Furthermore,

> it is well settled law that an individual need not know the identities of all coconspirators in order to be found guilty of being a member of the conspiracy. (Citations omitted). This is not completely without limitation. The evidence must support the existence of the unknown people with whom the defendant allegedly conspired. (Citation omitted).

*United States v. Harris*, 8 F.3d 943, 946 -947 (2$^{d}$ Cir. 1993).

10.  A coconspirator's identity is not an essential element of the conspiracy charge. *United States v. Burgos,* 94 F.3d 849, 862 (4th Cir. 1996) (en banc). "Of course, at least two

7

persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown." *Rogers v. United States,* 340 U.S. 367, 375 (1951), citing *Grove v. United States*, 3 F.2d 965, 967 (4th Cir. 1925). *United States v. Galvan*, 961 F.2d 738, 741 -742 (8th Cir. 1992).   *See also, United States v. Am. Waste Fibers Co., Inc.,* 809 F.2d 1044, 1046 (4th Cir.1987).

> 11.    In cases involving continuing criminal enterprises for example,
>
> [a]s long as the jurors unanimously conclude that the Government has proven the other required elements and that the defendant organized, supervised, or managed five or more persons, we hold that the jury need not unanimously agree on which five persons were organized, supervised, or managed by the defendant. (Footnote and citations omitted). In this regard, § 848 "tracks the law of conspiracy, which generally has not required jurors to identify the defendant's co-conspirators." (Citations omitted).

*United States v. Stitt*, 250 F.3d 878, 886 -887 (4th Cir. 2001) (Post-conviction relief not affecting this decision granted by *Stitt v. United States*, 369 F. Supp.2d 679 (E.D.Va. 2005)).

> 12.    Furthermore,
>
> There is no general requirement of jury unanimity "on the preliminary factual issues which underlie the verdict." (Citations omitted).  A special unanimity instruction is required only when there is a genuine risk of juror confusion or that a conviction could result from different jurors having concluded that the defendant committed quite different acts within those of a prescribed set or among multiple means of violating a statute. (Citation omitted). There is a division among the circuits on the question whether under this general principle a special unanimity instruction is required, upon request, as to the predicate violation element in CCE prosecutions. (Citations omitted).

*Id.*

13. Finally, the Court instructed the jury that it was required to determine whether the conspiracy charged in the indictment existed, the nature of the conspiracy and "the identity of its members." Court's Charge, page 19 of 33. The Court further instructed the jury that its verdict "must be unanimous." Court's Charge, page 29 of 33.

14. It is well settled that jury instructions are be read as a whole and not in isolation. *United States v. Ryan-Webster,* 353 F.3d 353, 364 n. 17 (4th Cir.2003); *see also Jones v. United States,* 527 U.S. 373, 391 (1999) (cautioning that "instructions must be evaluated not in isolation but in the context of the entire charge," and noting that "instructions that might be ambiguous in the abstract can be cured when read in conjunction with other instructions" ).

15. When "reviewing jury instructions, we 'accord the district court much discretion and will not reverse provided that the instructions, taken as a whole, adequately state the controlling law.'" (Citation omitted). *United States v. Wills,* 346 F.3d 476, 492 (4th Cir.2003).

16. Therefore, "[o]n appeal, we examine whether the jury instructions and verdict form, considered as a whole, were sufficient so that the jurors understood the issues and were not misled." *United States v. Poirier,* 321 F.3d 1024, 1032 (11th Cir.2003) (citations and internal quotation marks omitted). *See also United States v. Park*, 421 U.S. 658, 674 (1975); *Cupp v. Naughten,* 414 U.S. 141, 146-47 (1973); *United States v. Silva,* 745 F.2d 840, 852 (4th Cir.1984); *United States v. Scheper,* 520 F.2d 1355, 1358 (4th Cir.1975).

17. Defendant's objection to the court's conspiracy instruction is without merit and must be overruled.

IN-COURT IDENTIFICATION OF DEFENDANT

1.      In his third objection, defendant takes issue with the Court's rulings as to his motion relating to the identification of him through the use of his photograph.

2.      As defendant relies on his previous argument and has added nothing new in the way of factual or legal argument, the United States would likewise stand on its earlier argument as to this issue.

3.      The United States would note however, that following the trial in this case, Sgt. Kevin Miller investigated the manner and timing of defendant's photograph appearing in the Eastern Panhandle Drug & Violent Crimes Task Force's photographic album which was displayed to the CI immediately following the second drug purchase. Sgt. Miller has determined that the photograph had been sent to the Task Force approximately two weeks before the April 2006 purchases by Special Agent David Miller, Drug Enforcement Administration. SA Miller had indicated that the person depicted was a known drug trafficker in the Hagerstown area and that information had been received that he had been traveling to Martinsburg to sell crack. The photograph of defendant had been placed in the photographic album by Sgt. Brian Bean when it was received from SA Miller.

4.      Defendant's objection to the court's ruling as to the suppression of the in-court identification is without merit and must be overruled.

SUPPRESSION OF THE EVIDENCE FROM THE TRAFFIC STOP

1.      Defendant lastly takes issue with the Court's rulings on his motion to suppress the evidence seized by the police as a result of the traffic stop on May 1, 2006.

2.      To the extent that defendant relies on his previous argument and has added nothing new in the way of factual or legal argument, the United States would likewise stand on its earlier argument as to this issue.

3.      The United States would only add that defendant's continued claim that the stop was merely a pretext to seize defendant without probable cause is supported nowhere in the record.

4.      Furthermore, even though the officers were aware of defendant's drug involvement and were looking for a reason to stop and confront him, they still had legitimate probable cause to believe that defendant was unlawfully in possession of the vehicle belonging to the CI.

5.      The testimony at trial was that the CI had lent her car to defendant on one occasion and that he had returned it to her. After he borrowed the car a second time, he did not return it and the CI attempted to get it back. When she could not, she contacted Cpl. Andy Evans and told him that defendant had stolen her car. Cpl. Evans, who was on vacation at the time, in turn called Sgt. Miller, who met with the CI the following day and received the same story from her. The CI admitted on the witness stand that she had told neither Cpl. Evans nor Sgt. Miller the entire truth as to why defendant was in possession of her automobile. Therefore, for their part, neither Cpl. Evans nor Sgt. Miller had any reason to disbelieve the CI on this point and thus, they had a probable cause to believe that defendant was guilty of the unlawful taking of the CI's vehicle.

6.      Because they had probable cause to believe that a criminal violation had occurred, the decision to stop defendant in the CI's vehicle was objectively reasonable under the Fourth Amendment, regardless of any subjective motivations the officers might have otherwise had about defendant. *See Whren v. United States,* 517 U.S. 806, 810-13 (1996); *United States v. Hassan El,* 5 F.3d 726, 730 (4th Cir.), *cert. denied,* 511 U.S. 1006 (1994). In other words, if a traffic stop is

objectively justified by a criminal or traffic violation the officer's motive, whether pretextual or not, will not render the stop illegal. *Id.*; *United States v. Bullock*, 94 F.3d 896, 899 (4th Cir. 1996) (Officer's subjective motives are irrelevant to a proper Fourth Amendment analysis.).

7. Moreover, even if the traffic stop had not been objectively reasonable, Sgt. Miller and the other officers still had a reasonable, articulable suspicion that defendant was engaged in criminal activity and was at least justified in conducting an investigatory stop. *Illinois v. Wardlow,* 528 U.S. 119, 123 (2000).

8. Defendant's objection to the court's ruling on the suppression of the evidence seized during the traffic stop is without merit and must be overruled.

## CONCLUSION

1. Defendant's four grounds for his request for a new trial have no support in record in this case and defendant has offered no legal authority to support his claims of error.

2. Likewise, defendant has failed to demonstrate that the evidence in this case "weighs heavily against the verdict. " so as to justify a new trial

3. Defendant has not met his burden with regard to these issues.

Wherefore, the United States moves that the Court deny defendant's motion for new trial.

Respectfully submitted,

SHARON L. POTTER
UNITED STATES ATTORNEY


By:   /s/ Thomas O. Mucklow
      Thomas O. Mucklow
      Assistant United States Attorney

CERTIFICATE OF SERVICE

I, Thomas O. Mucklow, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that the foregoing Response of the United States to Defendant's Motion for New Trial was electronically filed with the clerk using the CM/ECF system, which will send notification of such filing to:

> James B. Zimarowski, Esq.
> Suite 200
> 265 High St.
> Morgantown, WV 26505

on this 1st day of day of April, 2008.

    /s/ Thomas O. Mucklow
Thomas O. Mucklow
Assistant United States Attorney