IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


UNITED STATES OF AMERICA,
                 Plaintiff,


v.                                                    Criminal No.   3:07CR70-003 (Bailey)


RODNEY TYREAL WHEELER,
                 Defendant.


RESPONSE OF THE UNITED STATES TO
DEFENDANT'S MOTION TO DISMISS NOTICE OF
PRIOR CONVICTIONS AS DEFECTIVE AND UNTIMELY

        Now comes the United States of America, by Sharon L. Potter, United States Attorney for

the Northern District of West Virginia, by Thomas O. Mucklow, Assistant United States Attorney

for said District, and responds to defendant's motion to dismiss the United States' notice of prior

convictions  as follows:

        1.      Defendant here was originally indicted, along with two other individuals, on July 18,

2007.  Docket Entry (DE) 1.

        2.      On January 4, 2008, just prior to the scheduled trial, defendant filed a notice of his

intention to enter a guilty plea without entering into a plea agreement with the United States. DE

126.  Such event did not take place however.

        3.      On January 7, 2008, the United States filed its notice of information of defendant's

prior convictions pursuant to Title 21, United States Code, Section 851 (hereinafter 851 Notice).

DE 132.

4.      On January 22, 2008, a superseding indictment was returned against only defendant. Said superseding indictment re-alleged the original charges against defendant and added a conspiracy charge.  DE 138.

5.      Defendant went to trial on the superseding indictment on March 6, 2008 and was convicted on all counts the following day.

6.      Defendant now moves to nullify the 851 Notice by arguing that the United States did not file a second or subsequent 851 Notice following the return of the superseding indictment. Defendant claims specifically that the United States did not file an 851 Notice as to the conspiracy which carries a potential life sentence.

7.      Defendant argues that the 851 Notice should not be applicable to the superseding indictment or at least to the conspiracy charge which was added after the Notice was filed.

8.      Defendant concedes that there is case law directly on point, but argues that the cases are unpublished.  Conveniently, defendant does not mention these cases by name.

9.      Defendant contends that these cases should be distinguished from his case because those cases do not involve situations where the defendant was exposed to a life sentence.  While making a vague due process argument, defendant offers no legal authority for his argument and does not elaborate on the basis for his position.

10.     Defendant also complains that the 851Notice impermissibly shifts the burden of proof.  Likewise, defendant vaguely cites only to his Fifth, Sixth and Eighth Amendment rights but offers no authority to support his argument.

11.     A defendant convicted of a drug felony in violation of Title 21, USC, Section 841(a), in excess of certain designated amounts set forth in § 841(b)(1)(A), "shall be sentenced to a term of

imprisonment which may not be less than 20 years and not more than life imprisonment" if the defendant "commit[ted] such a violation after a prior conviction for a felony drug offense has become final."

12.     Pursuant to § 851 , entitled "Proceedings to establish prior convictions," a prosecutor may file an information identifying a defendant's prior convictions for purposes of seeking an enhanced sentence under § 841(b)(1)(A).

13.     Section 851(a), the notice provision, reads: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial ... the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."

14.     The purpose of § 851's notice requirement is to give a defendant ample time to decide whether to plead guilty or go to trial and to give him "an opportunity to show that he is not the person previously convicted." *United States v. Campbell,* 980 F.2d 245, 252 (4th Cir.1992).  If he chooses trial, he does so with full knowledge of the potential sentencing consequences of a guilty verdict. *United States v. Johnson,* 944 F.2d 396, 407 (8th Cir.1991).

15.     Once the 851 Notice has been given, a defendant has an opportunity to challenge the prior conviction before sentencing, unless the conviction occurred more than five years before the date of the information alleging such prior conviction. See 21 USC § 851(b)-(c), (e).  The court is then required to impose an enhanced sentence on the defendant either if the defendant fails to challenge the prior conviction or if the court determines "that the person is subject to increased punishment by reason of prior convictions." 21 USC § 851(d).

16.     In the Fourth Circuit, there was no requirement on United States to refile its 851 Notice after the return of the superseding indictment.  *United States v. Melvin*, DN 05-4997, unpublished, decided July 13, 2007, Slip Copy, 2007 WL 2046735 (4th Cir.)[1], *citing United States v. Cooper,* 461 F.3d 850, 854 (7th Cir.2006) (holding that, "where the Government files a timely Section 851 notice, it is not required to file a second notice after an intervening event, such as a trial or a superseding indictment, in the same case"); *United States v. Mayfield,* 418 F.3d 1017, 1020 (9th Cir.2005) (holding that "filing the information and giving the section 851(a)notice before [the defendant's] first trial obviated any need to refile the information and regive that notice before his second trial"); *United States v. Kamerud,* 326 F.3d 1008, 1014 (8th Cir.2003) (holding that "the government is not required to refile a notice of enhanced sentence under 21 U.S.C. § 851  after the return of a superseding indictment "); *United States v. Williams,* 59 F.3d 1180, 1185 (11th Cir.1995) (holding that, once filed, an information need not be refiled for each consecutive trial in the same court).

17.     Furthermore, in addressing defendant's effort to distinguish the above case authority, he suggests that those cases did not involve possible life sentences.  Such a argument is fatuous.[2] For example, one of the defendant in *United States v. Melvin*, supra, received a 300 month sentence.[3] In *United States v. Lincoln*, DN,05-4365, unpublished, decided February 6, 2006, 165 Fed.Appx.

---

[1]  A copy of the opinion is attached hereto.

[2]  It should be noted that defendant's conviction of the conspiracy charge involving in excess of 50 grams of crack cocaine here subjected him to a possible life sentence with or without the application of Section 851.  See 21 USC § 841(b)(1)(A).

[3]  The defendant was Ramone Stephon Jones.

275, 2006 WL 278452 (4ᵗʰ Cir.),[4] this Circuit found that the United States was not required to refile an 851 notice after the filing of a second superseding indictment.  In *Lincoln*, the Court was reviewing a 330 month sentence for a violation under 21 USC § 841(b)(1)(A), which of course, carries a potential life sentence.[5]

18.     Furthermore, while the § 851 notice must contain sufficient information to enable the defendant to identify the prior conviction upon which enhancement is based and make an informed decision regarding whether to challenge the information and even if there are errors, "[i]f the defendant, reading the information in context, will have no trouble understanding which prior conviction the prosecutor means to identify, the information then has stat [ed] ... the previous convictions, and the statutory purpose of providing defendant notice has been satisfied." *United States v. Severino,* 316 F.3d 939, 943 (9ᵗʰ Cir. 2003); *United States v. Steen,* 55 F.3d 1022, 1026 (5ᵗʰ Cir. 1995); *United States v. Layne,* 192 F.3d 556, 576 (6ᵗʰ Cir.1999).

19.     With regard to defendant's claim that the 851 Notice improperly shifts the burden of proof, again, such argument is without merit.

20.     Section 851 provides in pertinent part that

[i]f the United States attorney files an information under this section, the court shall .... inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information.

Section 851(b).  Furthermore,

If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the

---

[4]   A copy of the opinion is attached hereto.

[5]   *See also*, *United States v. Mayfield*, *supra*, an 841(b)(1)(A) sentence with a range of 262 to 327 months.

information.  A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment.  The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1) of this section.  The hearing shall be before the court without a jury and either party may introduce evidence.  *Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact.*  At the request of either party, the court shall enter findings of fact and conclusions of law.  (Emphasis added).

Section 851(c)(1).  Section (c)(2) involves claims "that a conviction alleged in the information was obtained in violation of the Constitution of the United States."

21.     Clearly therefore, the United States has the burden of proving beyond a reasonable doubt that the alleged underlying conviction is a prior felony drug conviction for purposes of enhancement under § 841.[6]  The burden is not shifted to the defendant, except where defendant is challenging prior convictions on any constitutional basis.  Thus, defendant's claim that he would have the burden of proof to disprove identity is simply false.

22.     Furthermore, the only five year restriction is that § 851(e) prohibits defendant from challenging a prior conviction on constitutional grounds as set out in § 851(c)(2).[7]  Again, § 851(e) would not prevent defendant from denying that he is the individual named in the prior convictions.

---

[6]  The United States has already presented evidence and testimony during trial as to defendant's felony drug trafficking conviction in Maryland.

[7]  (e) Statute of limitations

No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

Indeed, defendant has already done so.  See Denial By Defendant of Previous Convictions Pursuant to 21 USC 851(b), DE 186.

23.    Clearly, defendant's contention that the application of the provisions of Section 851 in his case is fatally defective is simply not supported by the factual record here and is not supported with legal authority.  Given the application of Section 851 to the penalty provisions of Section 841(b)(1), which would include the potential life imprisonment language in 841(b)(1)(A), defendant's complaints are baseless.  The only real impact on his potential sentence would be the increase of the statutory mandatory minimum found in 841(b)(1)(A) from 10 years to 20 years.  The maximum of life imprisonment would remain the same.

Wherefore, the United States moves that the Court deny defendant's motion to dismiss the United States' 851 Notice.

Respectfully submitted,

SHARON L. POTTER
UNITED STATES ATTORNEY


By:    /s/ Thomas O. Mucklow
        Thomas O. Mucklow
        Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I, Thomas O. Mucklow, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that the foregoing Response of the Response of the United States To Defendant's Motion to Dismiss Notice of Prior Convictions as Defective and Untimely was electronically filed with the clerk using the CM/ECF system, which will send notification of such filing to:

> James B. Zimarowski, Esq.
> Suite 200
> 265 High St.
> Morgantown, WV 26505

on this 1st day of day of April, 2008.

 /s/ Thomas O. Mucklow
Thomas O. Mucklow
Assistant United States Attorney
